# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

**MARY A. KELLOGG, as Personal Representative of the ESTATE OF JAMES H. HAMRE**,

Plaintiff,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, a District of Columbia corporation; and, DOE DEFENDANTS 1-50,**

**Defendants**.

Case No. _____

**COMPLAINT**

*JURY DEMAND*

Plaintiff Mary A. Kellogg, as Personal Representative of the Estate of James H. Hamre, by and through her undersigned counsel, for complaint and cause of action against Defendant National Railroad Passenger Corporation ("Amtrak") and Doe Defendants 1-50, hereby alleges and avers as follows:

## I. NATURE OF ACTION

1.1 This is an action for the wrongful death of Mr. James H. Hamre, brought against Defendant National Railroad Passenger Corporation ("Amtrak"), for its negligence and fault in causing Mr. Hamre's death, and for the injuries suffered by Mr. Hamre's family members as a result.

COMPLAINT - Page 1

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

1.2     On December 18, 2017, Mr. Hamre was a passenger riding aboard Amtrak Cascades Train 501, when that train derailed and crashed near Dupont, Washington.

1.3     This crash was caused by the train traveling at unsafe speeds which was due to Amtrak's negligent track design, negligent track maintenance and repair, and its negligent training and supervision of operating personnel, among other things.

1.4     Mr. Hamre died as a result of critical injuries he suffered in the crash.

1.5     Defendant Amtrak was negligent and is at fault in causing this crash, including but not limited to via actions and omissions of persons or entities for which Amtrak is vicariously liable.

1.6     Decedent Mr. Hamre was not at fault in any way in causing this crash, any of his own injuries, or his death.

1.7     On or about April 10, 2018, Defendant Amtrak reached an out-of-court settlement with the Estate of James Hamre, for the injuries and death it caused to Mr. Hamre.

1.8     However, this settlement did not address or resolve the causes of action belonging to Mr. Hamre's siblings for their own personal injuries, arising from the wrongful death of their brother.

1.9     This action is brought for the benefit of wrongful death claimants Mary A. Kellogg, and Michael Kellogg, who were not parties to or beneficiaries of the prior settlement.

1.10    These wrongful death causes of action were newly created by Washington's Legislature as a matter of law, effective July 28, 2019, which is more than one year after the date of the Estate's initial settlement with Amtrak.

1.11    As a matter of law, a prior settlement cannot extinguish unique causes of action that did not exist under the law at the time of the settlement, and where the newly-cognizable plaintiffs with those newly-created causes of action were not parties to that settlement.

1.12    No party to the prior settlement agreement ever contemplated or intended wrongful death claims by Mr. Hamre's siblings Mary Kellogg and Michael Hamre to be subject to that prior settlement.

1.13 The settlement agreement did not name or identify either Mary Kellogg or Michael Hamre as settling parties.

1.14 The settling parties did not exchange any consideration for any purported settlement of the siblings' wrongful death claims.

1.15 The Estate did not have the legal capacity or authority to settle any claims of Mary Kellogg and/or Michael Hamre at the time of the prior settlement agreement.

1.16 To the extent that any Defendant herein claims accord and satisfaction, or otherwise seeks to resist Plaintiff's claims on the basis of contractual language, the underlying settlement agreement is vague and ambiguous with respect to the claims and persons released.

1.17 The Estate is the proper legal vehicle for bringing the claims of these wrongful death beneficiaries, pursuant to RCW 4.20.010, *et seq*.

## II.   PARTIES

2.1 Plaintiff Mary A. Kellogg is the duly-appointed Personal Representative of the Estate of James H. Hamre, effective May 11, 2020, which Estate is being administered in the Pierce County, Washington Superior Court, under cause number 18-4-00022-2.

2.2 Defendant National Railroad Passenger Corporation ("Amtrak") is a corporation formed and existing pursuant to the laws of the District of Columbia. Amtrak was at all material times and currently is in the business of operating a system of railroad tracks and train vehicles in the State of Washington. That system included lines of track within the District where this action is filed.

2.3 On December 18, 2017, Amtrak owned and operated Amtrak Cascades Train 501 operating between Seattle, Washington and Portland, Oregon and intermediate points.

2.4 Doe Defendants 1-50 are fictitiously-named persons or entities that, on information and belief, owned, planned, designed, built, financed, approved, inspected, maintained, and/or repaired the line of tracks at the Point Defiance Bypass, Lakewood Subdivision, Dupont, Washington, where Amtraks Cascades Train 501 derailed on December 18, 2017. The true names

and identities of these defendants are presently unknown and unavailable to Plaintiff. If and when the true names and identities of these defendants are ascertained through further investigation and discovery, Plaintiff reserves the right to substitute the proper names of such persons or entities, and such substitution shall relate back to the date of this Complaint.

2.5 Doe Defendants 1-50 are fictitiously-named persons or entities that, on information and belief, also include persons or entities who designed, manufactured, supplied, purchased, inspected, maintained, repaired, and/or operated the locomotive and passenger and sleeper cars making up Amtrak Cascades Train 501, and all components and parts thereof; and/or provided training related to the train and the track at issue. The true names and identities of these defendants are presently unknown and unavailable to Plaintiff. If and when the true names and identities of these defendants are ascertained through further investigation and discovery, Plaintiff reserves the right to substitute the proper names of such persons or entities, and such substitution shall relate back to the date of this Complaint.

2.6 On information and belief, each of said Doe Defendants are responsible for the events at issue in this action, and were a proximate cause of injuries and damages as alleged herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of such Doe Defendants as they become known or are discovered.

2.7 On information and belief, at all material times, each Doe Defendant was the agent, partner, servant, employer, independent contractor, and/or joint venture of each other Defendant and, at all times herein mentioned, was acting within the course and scope of said agency, partnership, employment, contract or joint venture.

### III. JURISDICTION AND VENUE; JURY DEMAND

3.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because, on information and belief, Defendant Amtrak is a Congressionally-incorporated corporation, over half of whose capital stock is owned by the federal government.

COMPLAINT - Page 4

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

3.2     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties herein are citizens of different States, and because the amount in controversy in this action is in excess of the statutory threshold.

3.3     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Amtrak is subject to the Court's personal jurisdiction with respect to this claim.

3.4     Pursuant to Fed. R. Civ. P. 38, and LCR 38(b), Plaintiff hereby demands that this matter be tried to a jury.

## IV.     GENERAL ALLEGATIONS

4.1     On December 18, 2017, Defendant Amtrak, through its employees and/or agents, operated, managed, maintained, supervised owned, designed, constructed and/or controlled Amtrak Cascades Train 501, which originated in Seattle, Washington and was destined for Portland, Oregon.

4.2     On December 18, 2017, Amtrak Cascades Train 501 was operated by employees and/or agents of Defendant Amtrak.

4.3     Defendant Amtrak sold decedent James H. Hamre a ticket on Amtrak Cascades Train 501, for travel on December 18, 2017, and Plaintiff boarded the train as a passenger at King Street Station in Seattle, Washington.

4.4     On December 18, 2017, at or near Dupont, Washington, Amtrak Cascades Train 501 approached the bridge crossing I-5 at a speed far in excess of the authorized, posted, and safe speed for that segment of track.

4.5     At that date and time, Amtrak Cascades Train 501 was unable to negotiate the curve at the bridge crossing I-5 due to excessively high speed, and the train derailed and crashed, resulting in scores of injuries and multiple fatalities.

4.6 As a result of the derailment, decedent Mr. Hamre was propelled violently about and within the railroad car he occupied, suffering severe injuries that resulted in his death.

4.7 In 2008, Congress enacted the Rail Safety Improvement Act (RSIA) which required passenger railroads in the United States—including Amtrak—to install a Positive Train Control System on their trains by the end of 2015.

4.8 The Positive Train Control system was designed and intended to increase safety, reduce, correct, or prevent operator error, and prevent derailments, among other things.

4.9 At all material times, Defendant Amtrak was authorized to utilize and implement, and was provided with access to, a Positive Train Control system.

4.10 Despite this fact, the Positive Train Control system was not operable on Amtrak Cascades Train 501 at the time of the December 18, 2017 derailment.

4.11 At all material times, Defendant Amtrak knowingly and intentionally failed to utilize an operable Positive Train control system on Amtrak Cascades Train 501, despite knowledge of the actual and avoidable dangers it was subjecting its passengers to without such a system in operation.

4.12 On December 18, 2017, Defendant Amtrak released the Amtrak Cascades Train 501 into passenger service for the subject trip, despite knowing it had experienced an electrical system failure earlier that day, and despite further knowledge that the rear locomotive unit electrical linkage was not connected or properly linked.

4.13 This latter defect made the rear engine unit unavailable for additional braking effect when needed, and that at the time of the crash this disconnected rear unit therefore acted to push into the rear passenger cars, causing further harm to the train and its occupants in the derailment and crash.

4.14 At all relevant times, Defendant Amtrak failed to provide sufficient supervision and training to its employees and agents who operated the train vehicles in the safe and proper operation of trains on the subject section of track, including via adequate familiarization trips.

4.15   On information and belief, Doe Defendants 1-50 include additional persons or entities who were involved in the design, construction, operation, maintenance, or repair of the track or equipment involved, and who are at fault in causing or contributing to the errors and omissions that proximately caused this train crash.

4.16   As a result of Defendants' negligence as asserted herein, the surviving siblings of decedent James H. Hamre have suffered significant damages, including but not limited to mental anguish, emotional pain and suffering, loss of companionship, loss of support, loss of services, and loss of relationship.

4.17   These persons are wrongful death beneficiaries in this action by operation of Washington State law, which applies here.

4.18   To the extent that any defendant is at fault as alleged in this action, Plaintiff is fault-free, as is the decedent Mr. Hamre, and as are all wrongful death beneficiaries herein.

## V.   CAUSE OF ACTION

5.1   Plaintiff hereby realleges and incorporates by reference the allegations stated in Sections I-IV of this Complaint, as though fully set forth herein.

5.2   The death of James H. Hamre was directly and proximately caused by the tortious conduct of Defendant Amtrak, and/or Doe Defendants 1-50, and those defendants' violation of their applicable duty of care, including but not limited to by:

    5.2.1   Defendants failing and neglecting to inspect, maintain, identify, and/or remedy unreasonably dangerous conditions which existed on and in their equipment and/or track;

    5.2.2   Defendants failing to properly train their agents and/or employees to operate the train in a safe manner;

    5.2.3   Defendants failing to properly supervise their agents and/or employees in the proper operation of the train;

      5.2.4    Defendants failing to enable or provide fully operational Positive Train Control or other appropriate safety devices on this train; and

      5.2.5    Failing to comply with applicable federal standards of care and applicable federal statutes or regulations.

5.3    As a proximate result of Defendants' negligence and the resulting death of James H. Hamre, Plaintiff and the other sibling wrongful death claimants herein suffered significant damages, including but not limited to mental anguish, emotional pain and suffering, loss of companionship, loss of support, loss of services, and loss of relationship.

5.4    The amount of damages suffered by Plaintiff and the other sibling wrongful death beneficiaries herein is a question for the finder of fact, but is in excess of the statutory threshold of 28 U.S.C. § 1332.

## VI.    PRAYER FOR RELIEF

Having stated the foregoing causes of action, Plaintiff now requests that the Court award the following relief:

6.1    A judgment in favor of Plaintiff and against Defendants, jointly and severally, awarding the wrongful death beneficiaries of Plaintiff Estate of James H. Hamre their past and future special damages, in an amount to be determined at trial;

6.2    A judgment in favor of Plaintiff and against Defendants, jointly and severally, awarding the wrongful death beneficiaries of Plaintiff Estate of James H. Hamre their past and future general damages, in an amount to be determined at trial;

6.3    An award of Plaintiff's reasonable attorneys' fees and costs incurred herein, to the extent permitted by law; and

6.4    Such other relief as the Court may deem just and equitable under the circumstances.

///

///

COMPLAINT - Page 8

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

///

Dated: July 3, 2020

                                    **ROSSI VUCINOVICH PC**

                                    By: s/ *Benjamin T. G. Nivison*
                                    Benjamin T. G. Nivison, WSBA No. 39797
                                    ATTORNEYS FOR PLAINTIFF

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004