UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY A. KELLOGG, | CASE NO. C20-5664BHS |
| Plaintiff, | ORDER CERTIFYING QUESTIONS |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant. | |

THIS MATTER is before the Court on the parties' Responses, Dkts. 19, 20, and 21, to the Court's prior Order, Dkt. 18, which denied Amtrak's Motion to Dismiss and sought input on the Court's proposed Certified Questions to the Washington Supreme Court. That Order includes the background to this dispute, which will not be repeated here.

The Court proposed certifying two questions of novel Washington law to the Washington Supreme Court under RCW 2.60.020:

1. Is the revised RCW 4.20.020 remedial, such that it applies retroactively to permit second tier beneficiaries who were not eligible to assert wrongful death claims at the time of the decedent's death, or at the time the Estate's Personal Representative settled all claims arising out of the death, to assert wrongful death claims notwithstanding

the tortfeasor's settlement with, payment to, and release by, the Personal Representative, so long as such new claims are not time-barred?

    2.    If so, does the application of the revised RCW 4.20.020 to permit such claims in this context affect Amtrak's vested substantive rights, thus violating the Washington Constitution's Due Process (Wash. Const., art. I, § 3) or Contracts (Wash. Const., art. I, § 23) Clauses?

Dkt. 18 at 10-11. The parties do not object to Certification or to the Court's proposed questions.

Plaintiff Kellogg proposes an additional question, which she claims may moot the other two, and which she claims has not been answered by Washington law:

> Does a duly-appointed Personal Representative, when acting as statutory agent on behalf of extant wrongful death beneficiaries pursuant to RCW 4.20.010(1), also have the authority or legal capacity to assert or settle wrongful death claims for other third parties, where those third parties are not themselves lawful wrongful death beneficiaries at the time the Personal Representative is appointed and serving in that capacity?

Dkt. 20 at 3.

Amtrak opposes certifying this third question to the Washington Supreme Court. It argues that the question is confusing, and that it would not moot the other two questions. Dkt. 21. It argues persuasively that a negative answer to that question would only highlight the need to address the first two questions, in order to protect settling tortfeasors and thus to promote the public policy goal of encouraging settlements.

The Court agrees, and indeed assumed for purposes of the motion that though Amtrak's Release was amply broad, it could not release claims that did not exist when it

was executed. The core issue is whether the application of revised RCW 4.20.020 to settled cases deprives a tortfeasor of vested rights, violating the Washington Constitution.

The Court will therefore respectfully decline to Certify Kellogg's proposed additional question to the Washington Supreme Court and will instead certify the two questions above.

The Court acknowledges that the decision to answer a certified question is within the Washington Supreme Court's discretion, and that the Court may reformulate the questions in its consideration of the case. This court certifies that the record contains all matters in the pending case deemed material for consideration of the local law question certified for answer under RCW 2.60.010(4)(b).

Under Wash. Rules App. Proc. 16.16(d)(1), this court designates Amtrak as the party to file the first brief in the Washington Supreme Court.

The Clerk shall forward copies of this Order under official seal to the Washington State Supreme Court, along with certified copies of the Court's prior Order, Dkt. 18, and the underlying briefing and declarations (with exhibits), Dkts. 6, 7, 8, 9, 10, and 11.

The Clerk shall STAY this case pending the Washington Supreme Court's Answer.

**IT IS SO ORDERED**.

Dated this 29th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge